IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LATARSKA MONTGOMERY, § | | |
| PLAINTIFF, § | | |
| § | | |
| v. § | | Civil Action No. 4:05-CV-824-BE |
| § | | |
| BRIDGEWAY HEALTHCARE, INC., § | | |
| DEFENDANT § | | |

MEMORANDUM OPINION AND ORDER

Pending before the court for consideration is Defendant's Amended Motion for Summary Judgment [doc. 32]. Having considered the defendant's arguments and exhibits, which have not been opposed by the plaintiff, the court finds that summary judgment should be granted.

A. BACKGROUND AND PROCEDURAL HISTORY

Bridgeway Health Care ("Bridgeway") employed Latarska Montgomery ("Montgomery"). Montgomery filed two charges of discrimination under Title VII of the Civil Rights Act of 1964 against Bridgeway with the Equal Employment Opportunity Commission ("EEOC"). On September 15, 2005, the EEOC sent Montgomery two letters, one for each charge, advising her that the EEOC was "unable to conclude that the information obtained establishes violations" on the part of Bridgeway. The letters informed Montgomery that she had a right to sue on both claims under Title VII, but that her right would be lost if she did not sue within 90 days. Montgomery filed her original complaint in this civil action on December 22, 2005. Bridgeway asserts that it is entitled to summary judgment because Montgomery's claim is time-barred by the 90-day statute of limitations period provided under Title VII.

B. STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). The court views all of the evidence and inferences therefrom in the light most favorable to the nonmovant. *Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 97 (5th Cir. 1993).

The movant bears the initial burden of showing that no genuine issue of material fact exists, but once the movant makes such a showing, the burden shifts to the nonmovant to produce competent summary judgment evidence of the existence of a genuine issue of material fact. *Anderson*, 477 U.S. at 256-57, 106 S.Ct. at 2514, 91 L.Ed.2d 202. An issue is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the nonmovant. *Id*. at 248, 106 S.Ct. at 2510. A fact is material if its resolution would affect the outcome of the suit under the governing law. *Id.*


C. DISCUSSION

Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996). Title VII provides that claimants have 90 days to file a civil action after receipt of such notice from the EEOC. *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982) (citing 42 U.S.C. § 2000e-5(f)(1) (1994)). The 90 days within which a plaintiff has to file a claim against an employer begin

to run when the plaintiff receives the letter. *Bunch v. Bullard*, 795 F.2d 384, 387–88 (5th Cir. 1986). The requirement to file a lawsuit within the 90-day limitation period is strictly construed. *See Taylor*, 296 F.3d at 379; *Butler v. Orleans Parish School Board*, No. Civ. A. 00-0845, 2001 WL 1135616, at *3 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the 90 day period because she and her husband were prevented from filing on the 90th day, as planned, by family illnesses).

Here, Montgomery's complaint does not allege a specific date upon which she received the two EEOC letters, and the date the letters were received is unknown. When the date on which a right-to-sue letter was actually received is either unknown or disputed, a presumption of receipt is appropriate. *See Taylor*, 296 F.3d at 379–80. Courts have presumed various receipt dates ranging from three to seven days after the letter was mailed. *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001). *See also Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (presuming that the plaintiff received a right-to-sue letter three days after issue); *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988) (applying a five-day presumption of receipt of a right-to-sue letter). The Fifth Circuit has declined to fix a presumptive number of days, but has been satisfied with using as little as three days following the issue date as the presumed date of receipt. *Martin v. Alamo Cmty Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003). *See also Morgan v. Potter,* 489 F.3d 195 (5th Cir. 2007)(accepting the presumptive date of receipt assigned by the administrative agency so long as reasonable).

Montgomery filed her claim late regardless of the presumptive period used. The EEOC issued Montgomery the two right-to-sue letters on Thursday, September 15, 2005. Under a three-day presumption, the presumed date Montgomery received the letters would be Monday, September

19, 2005. Montgomery therefore had until Monday, December 19, 2005 to file her complaint. Montgomery, however, filed her complaint on December 22, 2005. Even if we were to apply the maximum number of days that courts have allowed under the presumption of receipt doctrine, i.e. seven days from the date the letters were issued, Montgomery's claim would still be untimely. Again, the EEOC issued Montgomery the two right-to-sue letters on September 15, 2005. Thus, a presumption would arise that Montgomery received the letters on September 22, 2005. Montgomery therefore had until December 21, 2005, to file her complaint, but filed her complaint on December 22, 2005.

Additionally, Montgomery has provided no explanation as to why her complaint was untimely filed. Equitable relief is extended only sparingly, as when "the complainant has been induced or tricked by his adversary's conduct into allowing the filing deadline to pass. [The courts] have generally been much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights." *Wilson v. Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995). *See also Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992)(noting that equitable considerations justifying tolling have been applied sparingly). The Supreme Court also cautions against too freely tolling the ninety-day period, stating that the procedural requirements for gaining access to the federal courts are not to be disregarded out of a vague sympathy for particular litigants. *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). No evidence exists in this case to suggest that equitable tolling is appropriate.

## ORDER

Defendant's Amended Motion for Summary Judgment [doc. 32], filed August 6, 2007, is granted.

Defendant's Motion for Summary Judgment [doc. 31] is denied as moot.

SIGNED SEPTEMBER 28, 2007.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE